UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| REMIR ALBERTO GUITERREZ MONTIEL, )<br>    )<br>                   Petitioner,    )<br>    )<br>        v.                )<br>    )<br>BRISON SWEARINGEN,        )<br>RUSSELL HOTT,            )<br>TODD M. LYONS,           )<br>PAMELA BONDI,            )<br>KRISTI NOEM,             )<br>    )<br>               Respondents.    ) | No. 2:25-cv-00569-JPH-MKK |

**ORDER DENYING PETITION FOR HABEAS CORPUS AS MOOT**

On November 13, 2025, Petitioner Remir Gutierrez Montiel filed this petition for writ of habeas corpus, challenging his civil detention without a bond hearing and requesting immediate release or a prompt bond hearing. Dkt. 1. On November 14, this Court ordered Respondents to show cause why the relief sought by Petitioner should not be granted by November 21. Petitioner was ordered to reply by November 24. Dkts. 4, 5. On November 19, Respondents filed their return to the order to show cause. The next day, Respondents filed notice that Petitioner had been released from detention and asked the Court to dismiss the petition as moot. Dkt. 10.[1] Petitioner has not filed a reply and the deadline to do so has passed. For the reasons explained below, the Court **denies**

---

[1] The Court takes notice that the Immigration and Customs Enforcement ("ICE") civil detention locator indicates that no one with Petitioner's name is currently detained. *See* https://locator.ice.gov/odls/#/results (last visited Nov. 25, 2025).

**Petitioner's habeas petition as moot and dismisses this case without prejudice for lack of jurisdiction.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). A habeas action becomes moot when a federal court's ruling will not change the length of the petitioner's custody. *White v. Indiana Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Once an action becomes moot, a federal court must dismiss it for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Although a petitioner's release does not necessarily moot a habeas action, it is up to the petitioner to demonstrate that he suffers from collateral consequences following his release from custody. *See Spencer v. Kemna*, 523 U.S. 1, 7–14 (1998); *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012) ("Assuming for the sake of argument that such collateral consequences of a disciplinary proceeding can be shown, it is clear that, after *Spencer*, the burden is on [the petitioner] to establish those consequences."). Petitioner has failed to respond. Accordingly, because Petitioner has been released, his habeas petition is **denied as moot**. The Court **dismisses this action without prejudice for lack of jurisdiction**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 12/2/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.

3